IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE REED OGDEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07-cr-900<br>*and*<br>Case No. 2:11-cr-543<br><br>Judge Clark Waddoups |

Defendant Wayne Reed Ogden moves for compassionate release from time he is serving on sentences in two separate cases. Mr. Ogden seeks release to take care of his widowed mother. After moving for release, the Bureau of Prisons placed Mr. Ogden on home confinement with his mother. Because the grounds for compassionate release have been satisfied by an alternative means, the court denies Mr. Ogden's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 2013, a jury found Mr. Ogden guilty of one count of mail fraud and five counts of wire fraud. On August 6, 2013, the court sentenced him to 120-months imprisonment, which sentence was to run concurrent with his sentence in another case. Judgment, at 2 (ECF No. 361 in Case No. 2:07-cr-900). The court also ordered Mr. Ogden to pay $4,860,000 in restitution. *Id.* at 6.

In a separate case, Mr. Ogden pled guilty on April 12, 2013 to one count of wire fraud and one count of securities fraud. Statement in Advance of Plea, at 1–2 (ECF No. 177 in Case No. 2:11-cr-543). On August 15, 2013, Mr. Ogden was sentenced to 120-months imprisonment "to run concurrent to case 2:07cr900 from the District of Utah." Judgement, at 2 (ECF No. 204 in Case No. 2:11-cr-543). In the second case, Mr. Ogden was ordered to pay $5,454,323.04 in restitution. *Id.* at 5. His scheduled release date from the Bureau of Prisons is January 23, 2022.

Last year, Mr. Ogden petitioned the Bureau of Prisons to release him early so he could care for his mother. On December 3, 2019, the Bureau denied his petition and informed him of his appeals rights. BOP Memo. (ECF No. 397-3 in Case No. 2:07-cr-900). Based on the record, it does not appear Mr. Ogden pursued an appeal. Instead, on March 23, 2020, Mr. Ogden moved for compassionate release from both sentences pursuant to 18 U.S.C. § 3582(c)(1)(A). Motion for Release (ECF No. 397 in Case No. 2:07-cr-900); Motion for Release (ECF No. 234 in Case No. 2:11-cr-543).

Mr. Ogden's "father died within the last year and left his 80-year-old mother a widow." Mot. for Release, at 2. Mr. Ogden reports that his mother is in poor health and in need of a caretaker. *Id.* COVID-19 has complicated the situation because it places Mr. Ogden's mother at greater risk if she leaves her home for groceries or other necessities. *Id.* Mr. Ogden has two siblings who are capable of taking care of their mother. Carolyn Reid Ogden Lttr. (ECF No. 397-4 in Case No. 2:07-cr-900). It would require his mother to leave her home, though, and move to another state to live with one of her other children. *Id.*

Mr. Ogden has been in prison for approximately seven years and has had no disciplinary actions. *See* Mot. for Release, at 3. To support that compassionate release is appropriate, he notes

2

that in 2015, he was selected to train Service Dogs at his prison work camp. *Id.* Few people are selected to participate in the program, and he has completed many hours of training to obtain formal licensure. *Id.* at 3–4. Over the past five years he has been a primary dog handler, and has trained dogs that presently serve children with diabetes or special needs and adults who have post-traumatic stress syndrome. *Id.*

After the Bureau of Prisons denied Mr. Ogden's petition for compassionate release, Congress passed the CARES Act. The Act grants the Bureau temporary authority during the pandemic to extend the time an inmate may be placed on home confinement. Pursuant to those modifications of 18 U.S.C. § 3624(c)(2), on May 14, 2020, the Bureau placed Mr. Ogden on home confinement with his mother, such that he is now able to care for her in her home. A reply brief was due on July 6, 2020 in support of Mr. Ogden's motion for compassionate relief. No reply brief was filed after Mr. Ogden was placed on home confinement and thereby became his mother's caretaker.

## **ANALYSIS**

Mr. Ogden moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was amended under the First Step Act to state the following:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . *extraordinary and compelling reasons* warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A) (2020) (emphasis added).  Congress directed the Sentencing Commission to describe in the Sentencing Guidelines "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  Congress further stated, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*

The Sentencing Commission set forth four conditions that satisfy the requirement.  Two pertain to an inmate's health.  U.S.S.G. § 1B1.13, cmt. 1(A)–(B).  A third pertains to an inmate's family circumstances.  *Id.* cmt. 1(C).  If an inmate (1) has a minor child and the inmate is needed to care for the child due to the death of the child's caretaker, or (2) if the inmate's spouse or partner is incapacitated and the inmate is the only available caretaker, those circumstances are recognized as extraordinary and compelling.  *Id.*  The final condition is a catchall category.  It allows for release when, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* cmt. 1(D).

The Sentencing Guidelines have not been amended since the First Step Act was passed in 2018.  It is clear the First Step Act modified compassionate release requirements by allowing an inmate to file a motion.  *See* 18 U.S.C. § 3582(c)(1)(A).  Previously, only the Director of the Bureau of Prisons could do so.  What is less clear is whether that modification also impacted the catchall provision.  Courts are divided on this issue.

Some courts have held the provision remains unchanged, such that only the Bureau Director may make a determination under the catchall provision.  *See e.g. United States v. Willingham*, No. CR113-010, 2019 WL 6733028, at *1–2 (S.D. Ga. Dec. 10, 2019); *United States*

*v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019); *United States v. Shields*, No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019). The majority of courts that have addressed the issue, however, have concluded the purpose of the First Step Act is to give an inmate a voice by allowing the inmate to file his or her own motion. If that inmate cannot assert a unique ground for compassionate release under the catchall provision, then it limits the purpose of allowing an inmate to file a motion. *See e.g. United States v. Maumau*, Case No. 2:08-cr-00758, 2020 WL 806121, at *2–3 (D. Utah Feb. 18, 2020); *United States v. Beck*, 425 F. Supp. 3d 573, 579–80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 350–52 (S.D. Tex. 2019).

Courts also are divided on the requirements for exhaustion of administrative remedies before an inmate may file a motion. *Cf United States v. DeYoung*, 2:15-cr-104-DN, 2020 WL 3618991, at *1 (D. Utah May 8, 2020) (requiring exhaustion); *States v. Davis*, 96-CR-912 (ERK), 2020 WL 2522079, at *2 (E.D.N.Y. May 18, 2020) (requiring full exhaustion); *with United States v. Russo*, 2020 WL 1862294, at *4–7 (S.D.N.Y. Apr. 14, 2020) (allowing prompt review even if administrative remedies have not been exhausted); *United States v. Haney*, 19-cr-541 (JSR), 2020 WL 1821988, at *2–4 (S.D.N.Y. Apr. 13, 2020) (allowing exhaustion to be excused under extraordinary circumstances).

This court concludes, however, that it does not need to opine on these matters. Even if exhaustion requirements have been met and Mr. Ogden's request may be considered under the catchall provision, Mr. Ogden is still not eligible for compassionate release. This is so because Mr. Ogden's proffered reason for compassionate release is now moot. He has been placed on home confinement in his mother's home by the Bureau of Prisons. His mother now has a caretaker

and is able to remain in her home due to Mr. Ogden's care of her. In other words, the reasons offered for compassionate release have been satisfied, and no extraordinary or compelling reasons remain to justify releasing Mr. Ogden from the remaining time he is serving on two sentences.

## **CONCLUSION**

For the reasons stated above, the court DENIES Mr. Ogden's motion for compassionate release (ECF No. 397 in Case No. 2:07-cr-900) and (ECF No. 234 in Case No. 2:11-cr-543).

DATED this 16th day of July, 2020.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge